UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
BARBARA CALLAWAY, :
:
: CASE NO. 1:18-cv-1981
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 22]
DENONE LLC, *et al*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this labor law action, Plaintiff failed to appear for a Case Management Conference. Defendants now move for sanctions under Federal Rule of Civil Procedure 16(f).[1]

For the following reasons, the Court **GRANTS** Defendants' motion. The Court **ORDERS** Plaintiff's counsel to pay $1,548.53 in costs and $1,360.00 in attorney's fees.

I. Background

The Case Management Conference for this action was scheduled to take place on November 30, 2018 at 8:00 a.m.[2] Defendant Erick Martinez and Defendants' counsel arrived at court on time. Plaintiff and Plaintiff's counsel failed to appear, and the Court's attempts to contact them were unsuccessful. After waiting until 8:30 a.m., the Court conducted the conference without Plaintiff or Plaintiff's counsel.

---

[1] Doc. 22. Plaintiff opposes. Doc. 26. Defendants reply. Doc. 29.
[2] *See* 10/31/2018 docket entry (resetting the Case Management Conference date and time).

Plaintiff states that she missed the conference because James Simon, counsel for Plaintiff, mistakenly calendared the conference for 9:00 a.m.[3] She also states that she and Mr. Simon arrived at court at approximately 8:30 a.m. and were waiting in the hallway until 9:00 a.m.

Defendant Martinez submits a declaration stating that he spent $1,108.41 on airline travel to Cleveland from Fort Worth, Texas and $440.12 on lodging for the conference.[4] He also states that Defendants incurred $1,360.00 in attorney's fees to prepare for and to attend the conference.

## II. Discussion

Under Federal Rule of Civil Procedure 16, which governs the scheduling and management of pretrial conferences, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless noncompliance was substantially justified or other circumstances make an award of expenses unjust."[5]

Here, the violation of Rule 16 resulted from counsel's negligence. Thus, his noncompliance was not substantially justified and imposition of Rule 16(f)(2) costs and fees is appropriate.

Plaintiff does not argue that her noncompliance was justified. Instead, she argues that Defendants would have incurred costs and fees regardless of whether Plaintiff attended the conference. She also argues that if Defendants' counsel had stopped in the hallway

---

[3] Doc. 26 at 1.
[4] He also submits receipts for these costs. *See* Doc. 40-2.
[5] Fed. R. Civ. P. 16(f)(2).

outside chambers while departing the conference, they "likely could have gotten the Court's attention at that point."[6]

These arguments are unpersuasive. The Court required Mr. Martinez to attend the conference because he had settlement authority. Because Plaintiff did not show, there was no opportunity to discuss settlement and his travel costs were wasted.[7] Further, Plaintiff's suggestion that the Defendants' counsel could have remedied the mistake by greeting her in the hallway at 8:50 a.m. is incorrect. The Court had other conferences scheduled on the morning of the 30th, so Defendants' alleged failure to mitigate the damage caused by Plaintiff counsel's negligence is not relevant.

Rule 16(f)(2) provides that costs may be assessed against "the party, its attorney, or both." Because Plaintiff's counsel admits that he is at fault, he will bear the costs.

III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for sanctions. The Court **ORDERS** Plaintiff's counsel to pay $1,548.53 in costs and $1,360.00 in attorney's fees.

Dated: January 18, 2018	 s/  James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 26 at 2.
[7] *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (district court did not abuse by ordering party to pay opposing party's travel costs as sanction for negligent nonappearance at pretrial conference).