UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Barbara Callaway** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>vs.<br><br>**DenOne, LLC.**, an Ohio Limited Liability Company; **Northern Ohio Restaurant Group LLC**, an Ohio Limited Liability Company; **DENMAR Restaurant Group LLC**, an Ohio Limited Liability Company; **Nelda, LLC,** an Ohio corporation; and **Erick Martinez.**<br><br>        Defendants. | No.  1:18-cv-01981-JG<br><br>**SECOND AMENDED COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Barbara Callaway ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue the Defendants, DenOne, LLC ("Defendant DenOne"); Northern Ohio Restaurant Group LLC ("Defendant NORG"); DENMAR Restaurant Group LLC ("Defendant DENMAR"); Nelda, LLC ("Defendant Nelda") and Erick Martinez ("Defendant Martinez") (collectively, "Defendants") and alleges as follows:

#### PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.      Defendants own and operate a chain of Denny's restaurants which are the subject of this lawsuit.

1

3.     Defendants have a policy or practice of paying their employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); and (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek.  *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5.     Ohio law establishes a minimum wage within the State of Ohio and recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of up to half the minimum wage.

2

6. The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA.  *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Ohio employers comply with the minimum wage standards set forth by Ohio law and limits the maximum allowable tip credit to half the minimum wage.  *See Hanke v. Vinot Pinot Dining LLC*, Case No. 2:15-cv-01873-SMM, Dkt. 51, at 4:6-11 (D. Ariz. March 21, 2018) ("both the FLSA and AWA allow Arizona employers to take a maximum tip credit of $3.00 against their minimum wage obligations to "tipped" employees"); *see also Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015) (same).

7. The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

8. The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

9. For example, the Ohio minimum wage in 2018 is $8.30.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.15 per hour, for a total minimum hourly rate of $4.15.

10.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $8.30 by one and one-half, for a total minimum overtime wage of $12.45.  If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.15 per hour, for a total minimum overtime hourly rate of $8.30.

11.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the tip credit rate of pay of $4.30 by one and one-half times, for a total rate of $6.45, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $4.15 to $6.00 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

12.     Defendants imposed a tip credit upon all of their tipped employees, including Plaintiffs and the Collective Members.

13.     Furthermore, Defendants subjected Plaintiffs and the Collective Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

14.     Therefore, Defendants subjected Plaintiffs and the Collective Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.  Such a practice resulted in Defendants imposing a tip credit upon Plaintiffs and the Collective Members that exceeded the permissible $4.15 per hour in 2018 under Ohio law and the FLSA.

15.     Defendants violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

4

16.     Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

17.     Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

21.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

22.     Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

23.     Plaintiff was employed as a server at Defendants' Denny's locations in Independence, Ohio at various times from approximately 1993 through the present.

24.     At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA.

25.     Defendants employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

26.     At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

28.     At all material times, DenOne, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

29.     Defendant DenOne, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

30.     Defendant DenOne, LLC is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

31.     Defendant DenOne, LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

32.     Under the FLSA, Defendant DenOne, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant DenOne, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

6

with Plaintiff's employment with Defendants.  Having acted in the interest of DenOne, LLC in relation to the company's employees, including Plaintiff, Defendant DenOne, LLC is subject to liability under the FLSA.

33.     At all material times, Northern Ohio Restaurant Group, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

34.     Defendant Northern Ohio Restaurant Group LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

35.     Defendant Northern Ohio Restaurant Group LLC is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

36.     Defendant Northern Ohio Restaurant Group LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

37.     Under the FLSA, Defendant Northern Ohio Restaurant Group LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Northern Ohio Restaurant Group LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of Northern Ohio Restaurant Group LLC in relation to the company's employees, including Plaintiff, Defendant Northern Ohio Restaurant Group LLC is subject to liability under the FLSA.

38.     At all material times, DENMAR Restaurant Group, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

39.     Defendant DENMAR Restaurant Group, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

40.     Defendant DENMAR Restaurant Group, LLC is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

41.     Defendant DENMAR Restaurant Group, LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

42.     Under the FLSA, Defendant DENMAR Restaurant Group, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant DENMAR Restaurant Group, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of DENMAR Restaurant Group, LLC in relation to the company's employees, including Plaintiff, Defendant DENMAR Restaurant Group, LLC is subject to liability under the FLSA.

43.     Defendant Nelda, LLC is likewise a limited liability company transacting business in the State of Ohio at times material to the claims brought herein.

44.     Defendant Nelda, LLC is likewise owned and/or operated, in whole or in part, by Defendant Erick Martinez.

45.     Defendant Nelda, LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

46.     Under the FLSA, Defendant Nelda, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation

to an employee. At all relevant times, Defendant Nelda, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Nelda, LLC in relation to the company's employees, including Plaintiff, Defendant Nelda, LLC is subject to liability under the FLSA.

47.     Defendant Martinez is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

48.     Under the FLSA, Defendant Martinez is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Martinez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Erick Martinez in relation to the company's employees, including Plaintiff, Defendant Martinez is subject to liability under the FLSA.

## DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"

49.     Defendants own and operate a chain of franchised Denny's restaurants.

50.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

51.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

52.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

53.     Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

54.     Defendants share employees between restaurant locations.

55.     Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

56.     Defendants use the trade name "Denny's" at their Denny's restaurant locations.

57.     Defendants advertise together on the same website.

58.     Defendants provide the same array of products and services to their customers at their Denny's restaurant locations.

59.     This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

60.     Part of that set formula is the wage violations alleged in this complaint.

**<u>STATEMENT OF FACTS</u>**

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Plaintiff, in her work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

10

63.    Defendants paid Plaintiff a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

64.    Defendants imposed a tip credit upon all of their tipped employees, including Plaintiffs and the Collective Members.

65.    Defendants violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

66.    Furthermore, Defendants subjected Plaintiffs and the Collective Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

67.    Therefore, Defendants subjected Plaintiffs and the Collective Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.  Such a practice resulted in Defendants imposing a tip credit upon Plaintiffs and the Collective Members that exceeded the permissible $4.15 per hour in 2018 under Ohio law and the FLSA.

68.    Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

69.     Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

70.     Defendants regularly and frequently required Plaintiff to perform a number of non-tipped duties **unrelated** to their tipped occupations, including but not limited to: taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

71.     Defendants paid Plaintiff a sub-minimum wage for all hours that Plaintiff worked for Defendants, including the periods during which Plaintiff was performing non-tipped duties.

72.     Defendants regularly and frequently required Plaintiff to perform a number of non-tipped duties **related** to her tipped occupation, including but not limited to: preparatory and workplace maintenance tasks such as sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

## COLLECTIVE ACTION ALLEGATIONS

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

75.     Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

76.     Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

77.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

78.     Upon information and belief, Defendants have employed hundreds of tipped employees during the period relevant to this action.

79.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

13

80.     Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

81.     Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff was subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

84.     As a result, Defendants were not entitled to take a tip credit against Plaintiff's and the Collective Member's minimum wages.

85.     Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

14

86.     As such, full applicable minimum wage for such time Plaintiff and the Collective

Members worked is owed to Plaintiff and the Collective Members for the entire time they were

employed by Defendants.

87.      Defendants knew that – or acted with reckless disregard as to whether – their

failure to pay Plaintiff and the Collective Member the full minimum wage over the course of

their employment would violate federal law, and Defendants were aware of the FLSA minimum

wage requirements during Plaintiff's and the Collective Members' employment. As such,

Defendants' conduct constitutes a willful violation of the FLSA.

88.     Plaintiff and the Collective Members are therefore entitled to compensation for

the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Barbara Callaway, on behalf of herself and all other similarly

situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective

Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an

additional equal amount as liquidated damages, prejudgment and post-judgment interest,

reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this

Court deems just and proper.

## COUNT TWO: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

90.     Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et

seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e)

and §30d00(f) by requiring Plaintiff and the Collective Members in a given workweek, and

during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor unrelated to the primary duties of the tipped occupation of server include, but are not limited to taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

91.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

92.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

16

**WHEREFORE**, Plaintiff, Barbara Callaway, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: REQUIRED LABOR RELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION OF SERVER, BUT IN EXCESS OF 20% OF A GIVEN WORKWEEK

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.     Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor related to their tipped occupation of servers include, but are not limited to, sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

95.     Defendants failed and/or refused to pay Plaintiff and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform

17

such work in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff and the Collective Members were employed by Defendants, in violation of 29 U.S.C. § 206(a).

96.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor elated to their tipped occupation, but in excess of 20% of any given workweek, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Barbara Callaway, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## IMPROPER OVERTIME RATE

97.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98.    Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

99.    In a given workweek, Defendants failed to pay Plaintiffs and the Collective Members one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours per week.

18

100. As a result of Defendants' willful failure to pay Plaintiffs and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiffs and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

101. As a result of Defendants' willful failure to compensate Plaintiffs and the Collective the applicable overtime rate for all hours worked, Defendants violated the FLSA.

102. As such, the full applicable overtime rate is owed for all hours that Plaintiffs and the Collective Members worked in excess of 40 hours per week.

103. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs and the Collective Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of the FLSA.

104. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiffs and the Collective Members spent working for Defendants.

105. Plaintiffs and the Collective Members are therefore entitled to compensation for the difference between wages paid and the applicable overtime rate for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Barbara Callaway, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective

Member's favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this March 12, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

## <u>CERTIFICATE SERVICE</u>

    I hereby certify that a true and complete copy of the forgoing along was served upon all necessary parties through the Court's electronic case filing system on this 12th day of March, 2018.

                          */s/ Christopher J. Bendau*