UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Barbara Callaway** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>vs.<br><br>**DenOne, LLC.**, an Ohio corporation; **Nelda, LLC,** an Ohio corporation; and **Erick Martinez.**<br><br>Defendants. | No. 1:18-cv-01981-JG<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Assigned to the Honorable James Gwin)** |

Pursuant to Fed. R. Civ. P. 56, Plaintiff, Barbara Callaway, individually, and on behalf of all others similarly situated (collectively "Plaintiffs") respectfully request that the Court enter partial summary judgment with respect to Count IV of Plaintiffs' Second Amended Complaint ("Complaint") in favor of Plaintiffs and against Defendants, DenOne, LLC ("DenOne"); Nelda, LLC ("Nelda"); Northern Ohio Restaurant Group, LLC ("NORG"); DENMAR, LLC ("DENMAR"); and Erick Martinez (collectively referred to as "Defendants"). Specifically, Plaintiffs request that the Court find, as a matter of law, that Defendants did not pay Plaintiffs one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Because there is no genuine issue of material fact as to Defendants' liability for failing to pay the proper overtime rate to Plaintiffs, partial summary judgment is appropriate.

**I.     Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An opposing party may not rely on allegations or denials in its own pleading; rather by affidavits or by materials in the record, the opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1).

**II.    Statement of Facts**

Plaintiffs[1] worked as servers for Defendants at various locations of Defendants' Denny's restaurants. Throughout the majority, if not the entirety, of Plaintiffs' employment, Defendants imposed a tip credit on Plaintiffs' wages pursuant to 29 U.S.C. § 203(m), which allows employers of certain tipped employees to pay less than the minimum wage on account of those employees' receipt of tips. Defendants' Answer to the Complaint ("Answer") (Doc. 67), ¶ 12.

At all times relevant to this matter, Defendants paid overtime to their tipped employees at a rate of one and one-half times Plaintiffs' sub-minimum, tip credit rate. Answer (Doc. 67), ¶¶ 13, 14, 99-101, 105. *See also* Defendants' Responses to Plaintiffs First Set of Requests for Admission to Defendant Erick Martinez ("RFA Responses") (Attached as "**Exhibit A**"), Nos. 1-10, 14-15. During such time, Defendants did not pay overtime to Plaintiffs at a rate of one and one-half times the full, applicable minimum wage, less the maximum allowable tip credit. *Id*.

Some of the Plaintiffs worked in excess of 40 hours in a given workweek. *See, e.g.,* RFA Responses, Ex. A, Nos. 1-10. At all relevant times, all individuals who worked as servers for

---

[1]     Currently, 24 individuals have opted in to this lawsuit in addition to Plaintiff. Conditional certification has been granted in this matter. Doc. 63. However, Defendants still have yet to produce to Plaintiffs the list of the putative collective. As such, the parties do not have a final number of individuals on behalf of whom this motion is filed.

2

Defendants, including Plaintiffs, were subject to Defendants' policy of paying overtime to their tipped employees at a rate of one and one-half times Plaintiffs' sub-minimum, tip credit rate.[2]

Ultimately, in response to Plaintiffs' lawsuit, Defendants sent checks to all individuals, including Plaintiffs, who worked overtime for them because they necessarily would have received overtime at a rate of one and one-half times Plaintiffs' sub-minimum, tip credit rate. RFA Responses, Ex. A, Nos. 14-15.

### III. Defendants failed to pay Plaintiffs the proper overtime rate as a matter of law.

The FLSA allows employers to take a tip credit against the wages of certain employees who receive tips and to use those tips as a credit against a portion of the employer's minimum wage obligations. 29 U.S.C. § 203(m). The FLSA also requires employers to pay all non-exempt employees one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek. 29 U.S.C. § 207(a). In the context of employees whose wages are subject to a tip credit, the proper overtime rate of pay is the full, applicable minimum wage less up to the maximum allowable tip credit. *See* 29 C.F.R. § 531.60 ("A tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour"). The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay. *See Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015) (holding that, to subtract the tip credit rate before multiplying by one-and-one-half is unlawful and that "a lawful overtime wage for tipped employees paid the minimum tip credit

---

[2] Specifically, Defendants admit that they paid Barbara Callaway, Alexandria Tyler, Becky Szypulski, Bonnie Zink, Diana Bellante, Daniela Haidet, Ganarra Underwood, Kelly Mulhall, Maria Schmitz, and Tatyana Vlasenko an overtime at a rate of one and one-half times the sub-minimum, tip credit rate, rather than at the proper rate of one and one-half times the full minimum wage, less the applicable tip credit. RFA Responses, Ex. A, Nos. 1-10.

3

wage is calculated by multiplying the statutory minimum wage by one and one half and then subtracting the tip credit").

Ohio law recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of up to half the minimum wage. Ohio Constitution, Article II, Section 34(a) ("An employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage for all hours worked"). The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Ohio employers comply with the minimum wage standards set forth by Ohio law and limits the maximum allowable tip credit to half the minimum wage. *See Hanke v. Vinot Pinot Dining LLC*, Case No. 2:15-cv-01873-SMM, Doc. 51, at 4:6-11 (D. Ariz. March 21, 2018) ("both the FLSA and AWA allow Arizona employers to take a maximum tip credit of $3.00 against their minimum wage obligations to "tipped" employees") (attached as "**Exhibit B**"; *see also Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015) (same).

In 2018, for example, the Ohio minimum wage was $8.30. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.15 per hour, for a total minimum hourly rate of $4.15. In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $8.30 by one and one-half, for a total minimum overtime wage of $12.45. If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up to $4.15 per hour, for a total minimum overtime hourly rate of $8.30. If an employer were to instead calculate its

tipped employees' overtime rate by multiplying the tip credit rate of pay of $4.15 by one and one-half times, for a total rate of $6.23, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $4.15 to $6.22 hourly, and (2) imposing two separate and distinct tip credits on the tipped employees.

Here, Defendants admit that they subjected Plaintiffs to their policy and practice of calculating their tipped employees' overtime rates by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit. Answer (Doc. 67), ¶¶ 13, 14, 99-101, 105. *See also* RFA Responses, Ex. A, Nos. 1-10, 14-15. Therefore, Defendants subjected Plaintiffs to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207. Such a practice resulted in Defendants imposing a tip credit on Plaintiffs that exceeded the permissible amount of the tip credit under Ohio law and the FLSA. Finally, Defendants specifically admit in their answer that "some of their respective servers are owed compensation for the difference between wages paid and the applicable overtime rate for all hours worked in excess of 40 hours per week." Answer (Doc. 67), ¶ 105.

Defendants have admitted in their operative Answer and responses to Plaintiffs' discovery requests that the foregoing is true with respect to the relevant time period.[3] As such, there is no genuine issue of material fact as to whether Defendants took an excessive tip credit and thereby failed to Plaintiffs one and one-half times their regular rates of pay for time spent

---

[3] At this time, Plaintiffs have not yet been able to perform a comprehensive damages analysis or calculation given that Defendants have not provided sufficient records. Defendants have filed a Motion to Quash and/or Modify Subpoena (Doc. 57), which is fully briefed and currently pending before the Court.

working in excess of 40 hours in a given workweek, as asserted in Count IV of Plaintiffs' Complaint.  Plaintiffs' now request partial summary judgment in their favor on Count IV.

**IV. Conclusion**

Plaintiffs respectfully request that the Court enter partial summary judgment in favor of Plaintiffs and against Defendants on Count IV of the Complaint.

RESPECTFULLY SUBMITTED the 3rd Day of April 2019.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 089601)
        Christopher J. Bendau
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone AZ: (480) 382-5176
        Fax: (480) 304-3805
        Email: cliffordbendau@bendaulaw.com

        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 89483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com

        *Attorneys for Plaintiffs and Opt-In Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd Day of April 2019, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *Clifford P. Bendau, II*