# Bendau & Bendau | Simon & Simon

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Barbara Callaway, on behalf of herself and all others similarly situated | : | Case No.: 1:18-cv-001981JG |
| | : | |
| Plaintiffs, | : | Judge James S. Gwin |
| | : | |
| v. | : | **DEFENDANT'S RESPONSES TO** |
| | : | **PLAINTIFFS' FIRST SET OF** |
| DenOne, LLC *et al.*, | : | **REQUESTS FOR ADMISSION** |
| | : | **PROPOUNDED UPON DEFENDANT** |
| Defendants. | : | **ERICK MARTINEZ** |

Defendant Erick Martinez ("Defendant" or "Martinez"), for his responses to Plaintiffs' First Set of Requests for Admissions ("Discovery Requests") states as follows:

**PRELIMINARY STATEMENT**

Defendant has not completed investigation and discovery in this action or preparation for trial. Accordingly, all Responses below are based only upon such information and documents as are presently available and specifically known to Defendant. All Responses to the Discovery Requests are provided without prejudice to Defendant's rights: (a) to produce documents or other information, or to present evidence of any subsequently discovered fact or facts, or analyses not yet obtained or completed; (b) to otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed; and (c) to amend or withdraw any Responses accordingly. Defendant makes no implied admissions regarding the contents of the Responses below. That Defendant has responded or objected to a Discovery Request, in whole or in part, should not be taken as an admission that Defendant admits the existence of any facts stated or assumed by the Discovery Request or that such Response or objection constitutes evidence admissible against Defendant.

1

## **GENERAL OBJECTIONS**

Nothing contained in these Responses is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work-product protection, or any other applicable privilege or doctrine.

Defendant objects to the Discovery Requests, and each and every Discovery Request contained herein, to the extent that they call for information protected from discovery by the evidentiary and/or the discovery privileges set forth in the Federal Rules of Evidence or any other applicable law.

Without limiting the generality of the foregoing, Defendant objects to the Discovery Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, and/or the protection of trial preparation materials provided by Rule 26(b)(3) of the Federal Rules of Civil Procedure.

Defendant objects to the Discovery Requests to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the Discovery Requests to the extent they seek information constituting trade secrets, or other confidential proprietary, commercial, business or technical information. Defendant also objects to the Discovery Requests to the extent that disclosure of any requested information would compromise the proprietary information or privacy of Defendant's employees, consultants, vendors, or customers.

Defendant objects to the Discovery Requests to the extent they require Defendant to search for and inspect documents not within its possession, custody, or control.

Defendant objects to the instructions and definitions set forth in the Discovery Requests to the extent they purport to impose discovery obligations on Defendant beyond those specified

in Rules 26(b) and 36 of the Federal Rules of Civil Procedure. Defendant will respond to the Discovery Requests in accordance with Rules 26(b) and 36.

Defendant objects to the Discovery Requests to the extent that any particular Discovery Request therein is overly broad, unduly burdensome, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure. Defendant therefore reserves the right to raise additional objections if and when counsel for Defendant and counsel for Plaintiff clarify the scope, meaning, or nature of a request through good-faith communications and negotiations as contemplated under the Federal Rules of Civil Procedure.

Defendant objects to the Discovery Requests insofar as they seek information concerning times so remote from the allegations of the Complaint as to be irrelevant to the subject matter of this action. To the extent that a Discovery Request contains overly broad temporal limitations or no temporal limitations at all, it is unduly burdensome and oppressive.

Defendant responds solely for the purpose of and in relation to this action. Defendant's Responses to the Discovery Requests are made subject to any and all objections to competence, relevance, materiality, and admissibility that would require exclusion at the time of trial of any information disclosed in response to the Discovery Requests. Defendant reserves the right to interpose such objections at the time of trial.

These General Objections are incorporated by reference into each specific Response as if fully set forth therein.

## **REQUESTS FOR ADMISSION**

1. Admit that in any given workweek from August 28, 2015 through the present, Plaintiff, Barbara Callaway, worked more than forty hours and was compensated at a rate of one

and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous.  Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Plaintiff Callaway was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week.  Defendant further avers that Plaintiff Callaway has since been paid all of the wages she was owed.

2.      Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Alexandria Tyler, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous.  Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Alexandria Tyler was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week.  Defendant further avers that Opt-In Plaintiff Tyler has since been paid all of the wages she was owed.

3.      Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Becky Szypulski, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Szypulski was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Szypulski has since been paid all of the wages she was owed.

4. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Bonnie Zink, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Zink was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Zink has since been paid all of the wages she was owed.

5. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Diana Bellante, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Bellante was not paid one and one half times the

regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Bellante has since been paid all of the wages she was owed.

6. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Daniela Haidet, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Haidet was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Haidet has since been paid all of the wages she was owed.

7. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Ganarra Underwood, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Underwood was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Underwood has since been paid all of the wages she was owed.

8. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Kelly Mulhall, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Mulhall was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Mulhall has since been paid all of the wages she was owed.

9. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Maria Schmitz, worked more than forty hours and was compensated at a rate of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous. Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Schmitz was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendant further avers that Opt-In Plaintiff Schmitz has since been paid all of the wages she was owed.

10. Admit that in any given workweek from August 28, 2015 through the present, opt-in Plaintiff, Tatyana Vlasenko, worked more than forty hours and was compensated at a rate

of one and one-half times the tip credit rate as opposed to being paid one and one-half times the full minimum wage rate minus the tip credit.

**RESPONSE:** Objection on the basis that the phrase "any given workweek" is vague and ambiguous.  Without waiving said objection, Defendant admits that, for part of the relevant time period applicable to her claims, Opt-In Plaintiff Vlasenko was not paid one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week.  Defendant further avers that Opt-In Plaintiff Vlasenko has since been paid all of the wages she was owed.

11.     Admit that Defendants utilize Minute Men, Inc. as a payroll service provider but that Defendants were and are responsible for compensating Plaintiffs.

**RESPONSE:** Admit.

12.     Admit that Minute Men, Inc. is used as a payroll service provider for Denny's restaurants owned and operated by Northern Ohio Restaurant Group, LLC.

**RESPONSE:** Admit.

13.     Admit that Minute Men, Inc. is used as a payroll service provider for Denny's restaurants owned and operated by DENMAR Restaurant Group, LLC.

**RESPONSE:** Admit.

14.     Admit that Defendants were aware that Minute Men, Inc. planned send checks to Plaintiffs and other current and former employees of Defendants as compensation for overtime miscalculations prior to such checks being sent.

**RESPONSE:** Admit.


15. Admit that Defendants directed Minute Men, Inc. to send checks to Plaintiffs and other current and former employees of Defendants as compensation for overtime miscalculations.

**RESPONSE:** Admit.


16. Admit that Defendants calculated the amounts sent by Minute Men, Inc. to Plaintiffs and other current and former employees of Defendants as compensation for overtime miscalculations.

**RESPONSE:** Deny.


17. Admit that the overtime miscalculation payments made to Plaintiffs and other current and former employees of Defendants do not include an additional amount equal to the unpaid wages paid as liquidated damages.

**RESPONSE:** Admit.


18. Admit that payments to Plaintiffs and other current and former employees of Defendants for overtime miscalculations were made with the intent, at least in part, of reducing participation and/or potential liability in this lawsuit.

**RESPONSE:** Objection on the basis that the phrases "at least in part" and "and/or" are vague and ambiguous. Without waiving said objection, deny.

19. Admit that at any point between August 28, 2015 to present, current and former employees of Northern Ohio Restaurant Group, LLC have been paid compensation for overtime miscalculations.

**RESPONSE:** Deny.

20. Admit that Defendants calculated the amounts paid to current and former employees of Northern Ohio Restaurant Group, LLC as compensation for overtime miscalculations.

**RESPONSE:** Deny.

21. Admit that the overtime miscalculation payments made to current and former employees of Northern Ohio Restaurant Group, LLC do not include an additional amount equal to the unpaid wages paid as liquidated damages.

**RESPONSE:** Deny.

22. Admit that payments to current and former employees of Northern Ohio Restaurant Group, LLC for overtime miscalculations were made with the intent, at least in part, of reducing participation and/or potential liability in this lawsuit.

**RESPONSE:** Deny.

23. Admit that at any point between August 28, 2015 to present, current and former employees of DENMAR Restaurant Group, LLC have been paid compensation for overtime miscalculations.

**RESPONSE:** Deny.

24. Admit that Defendants calculated the amounts paid to current and former employees of DENMAR Restaurant Group, LLC as compensation for overtime miscalculations.

**RESPONSE:** Deny.

25. Admit that the overtime miscalculation payments made to current and former employees of DENMAR Restaurant Group, LLC do not include an additional amount equal to the unpaid wages paid as liquidated damages.

**RESPONSE:** Deny.

26. Admit that payments to current and former employees of DENMAR Restaurant Group, LLC for overtime miscalculations were made with the intent, at least in part, of reducing participation and/or potential liability in this lawsuit.

**RESPONSE:** Deny.

Respectfully submitted,

*/s/Daniel L. Messeloff*
Daniel L. Messeloff (0078900)
Melissa Z. Kelly (0077441)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: daniel.messeloff@tuckerellis.com
melissa.kelly@tuckerellis.com

*Attorneys for Defendants*

## **CERTIFICATE SERVICE**

I hereby certify that on March 27, 2019, the foregoing was served upon the following by electronic mail:

Clifford P. Bendau, II (OH No. 0089601)  James L. Simon (OH No. 0089483)
Christopher J. Bendau                    THE LAW OFFICES OF SIMON & SIMON
BENDAU & BENDAU PLLC                     6000 Freedom Square Dr.
P.O. Box 97066                           Independence, OH 44131
Phoenix, Arizona 85060                   Telephone: (216) 525-8890
Telephone AZ: (480) 382-5176             Facsimile: (216) 642-5814
Telephone OH: (216) 395-4226             Email: jameslsimonlaw@yahoo.com
Email: cliffordbendau@bendaulaw.com


*/s/ Daniel L. Messeloff*
*Attorney for Defendants*